# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHEN C. FELLS,

                Plaintiff,

v.

DIVISION OF VOCATIONAL REHABILITION, LEA WORACHEK COLLINS, and PAMELA ZIEGLER,

                Defendants.

Case No. 17-CV-723-JPS

**ORDER**

On May 23, 2017, the plaintiff filed a *pro se* complaint challenging certain determinations made by the Wisconsin Division of Vocational Rehabilitation relating to his receipt of vocational rehabilitation services. (Docket #1). This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter that, accepted as true, "is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The plaintiff's complaint is lacking in organization and detail, but, mindful of its responsibility to construe *pro se* pleadings liberally, *see Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006), the Court will endeavor to describe the facts alleged and identify any plausible claims based thereon. It appears the plaintiff is, or was, disabled and therefore qualified for assistance from defendant Wisconsin Division of Vocational Rehabilitation ("DVR"). (Docket #1 at 2-3). The plaintiff alleges that defendants Pamela Ziegler ("Ziegler") and Lea Collins Worachek ("Worachek"), presumably employees of DVR, wrongfully refused to amend his DVR work plan despite instructions from an administrative law judge to do so, and then wrongfully closed his case. *Id.* at 2. It appears the plaintiff sought amendment to his work plan so that he could pursue self-employment as a dump truck owner and operator. *Id.* at 2-3. He claims that the DVR wrongfully labeled him as not creditworthy, that Worachek "hates" him and has taken a personal interest in sabotaging his plans, and that some unnamed people at the DVR, possibly including Worachek, hypnotized him. *Id.* at 3. The plaintiff asks that his DVR case be reopened, that a dump truck and insurance be purchased for him, and that he be compensated for six years of lost income. *Id.* at 4.

The plaintiff indicates that he is suing for a violation of federal law under 28 U.S.C. § 1331, *see id.*, but has not identified which federal law he believes has been violated. Nonetheless, the Court will sift through the facts alleged to determine which, if any, federal laws are implicated by the plaintiff's complaint.

The DVR is a state agency that receives federal funding to provide vocational rehabilitation services under the Rehabilitation Act, 29 U.S.C. §§ 720–765, in return for complying with certain federal regulatory guidelines.

*See Schmidt v. Wisconsin Div. of Vocational Rehab.*, 502 F. App'x 612, 613 (7th Cir. 2013). The Rehabilitation Act requires vocational rehabilitation counselors to work with eligible participants to jointly develop an "individualized plan for employment" (IPE) and identify the resources necessary to achieve their goals. *See* 29 U.S.C. §§ 721(a)(9), 722(b)(1)(A). Determinations made by DVR personnel that affect the provision of vocational rehabilitation services to eligible participants can be challenged in an administrative due-process hearing. *Id.* § 722(c)(5)(A). In Wisconsin, a party who is unhappy with the hearing officer's decision can seek review of that decision by the DVR administrator, and such review results in a final decision. *See* Wis. Adm. Code DWD § 75.19. Finally, a party aggrieved by a final decision of the DVR may bring a civil action for review of the decision in any state court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy. *Id.* § 722(c)(5)(J).

The plaintiff has plausibly alleged that he is entitled to review in this Court of determinations made by DVR personnel that affected his access to vocational rehabilitation services. The DVR determinations he disputes— the decision not to amend his IPE to allow him to pursue ownership of a dump truck and the closure of his case—directly relate to the provision of vocational rehabilitation services. The DVR grievance process, which culminates in the option to pursue a civil action, is designed to assist DVR participants who, like the plaintiff, are dissatisfied with decisions made by the counselors assigned to help them. And while it is unclear from the complaint whether the plaintiff sufficiently exhausted the administrative grievance process within DVR, the exhaustion requirement in the Rehabilitation Act is a claim-processing rule rather than a jurisdictional

barrier, *see Schmidt*, 502 F. App'x at 614, and therefore the plaintiff's failure to affirmatively plead exhaustion is not grounds for dismissal at this juncture.

Next, in order to allow a *pro se* plaintiff to proceed without prepaying the filing fee, the court must decide not only whether the plaintiff's claims are frivolous but also whether the plaintiff has the ability to pay the filing fee. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). The plaintiff filed, along with his complaint, a motion to proceed *in forma pauperis* in which he avers that he is unmarried and unemployed. (Docket #2 at 1). His total monthly income is $830.00, though he does not indicate from where that income is earned. *Id.* at 2. His itemized expenses, arising from rent, credit card payments, household expenses, and insurance, total more than $900.00 per month. *Id.* at 2–3. He owns a vehicle, which he values at $6,000. *Id.* at 3. He also has a total of $317.00 in two bank accounts. *Id.* at 3-4. On these averments, the Court finds that the plaintiff has demonstrated that he cannot prepay the $350 filing fee and $50 administrative fee.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are

indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service; and

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge